IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES A. EVANS,

|                              |              |                   |
|------------------------------|--------------|-------------------|
|                              | Petitioner,  | OPINION & ORDER   |
| v.                           |              |                   |
|                              |              | 14-cr-108-jdp     |
| UNITED STATES OF AMERICA,    |              | 17-cv-316-jdp     |
|                              | Respondent.  |                   |

---

Petitioner Charles A. Evans is a federal prisoner at the United States Penitentiary, McCreary, Kentucky. Following a plea of guilty in March 2015, Evans was convicted of distributing heroin in violation of 21 U.S.C. § 841(a)(1). I sentenced Evans to 12 years of prison and three years of supervised release. *United States v. Evans*, No. 14-cr-108-1, Dkt. 53 (W.D. Wis. May 29, 2015).

Evans, now pro se, seeks to vacate the conviction and sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. Dkt. 1. I directed the government to respond. I've reviewed the parties submissions, and I conclude that Evans fails to establish that he was prejudiced by his counsel's performance or that he is otherwise entitled to relief. I will deny his motion.

BACKGROUND

Evans and Tiana Williams sold heroin in Beloit, Wisconsin, in 2014, often out of Williams's apartment. In August 2014, Evans tried to collect a $3,500 debt from one of his regular drug customers, J.J. When J.J. didn't pay, Evans beat him and broke his jaw. J.J. told

his probation officer about this, leading to Evans's detention in jail on a probation hold. While in jail, Evans called Williams asking her to convince J.J. to change his story.

In October 2014, Evans and Williams were charged in a six-count indictment. Evans pleaded guilty to one count of distributing heroin, in violation of 21 U.S.C. § 841(a)(1); the remaining counts were dismissed.

On May 22, 2015, I sentenced Evans. As part of the plea agreement, Evans acknowledged that the distribution involved between 100 and 400 grams of heroin, yielding a base offense level of 24. I applied a two-level enhancement for maintaining a drug house under U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) over Evans's counsel's objection. I applied a two-level enhancement for using violence under § 2D1.1(b)(2). Evans's counsel had initially objected to this enhancement, but he later withdrew his objection. And I applied a two-level enhancement for obstruction of justice under § 3C1.1 over Evans's counsel's objection. Evans's counsel asked that I nevertheless apply a two-level downward adjustment for accepting responsibility under § 3E1.1; I declined to do so. These adjustments yielded a total offense level of 30 which, paired with Evans's criminal history category of VI, resulted in a guidelines range of 168 to 210 months of imprisonment. After considering the factors in 18 U.S.C. § 3553(a), I sentenced Evans to a below-guidelines sentence of 144 months in prison and three years of supervised release.

Evans appealed to the Seventh Circuit, which affirmed his conviction and sentence. *United States v. Evans*, No. 15-2287 (7th Cir. June 20, 2016).

ANALYSIS

A motion for relief under 28 U.S.C. § 2255 invokes "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007). To prevail, Evans must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Evans asserts three ineffective-assistance claims, none of which were raised on direct appeal. Ordinarily, issues that were not raised on direct appeal may not be litigated in a § 2255 motion, but this rule does not apply to allegations of ineffective counsel. *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015). This is primarily because the trial record is rarely developed with an eye toward litigating such a claim and the record does not reflect actions that take place outside the courtroom. *Id.* So Evans did not procedurally default on the claims he presents here.

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, Evans must demonstrate that his counsel's performance was constitutionally deficient and that it caused him actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be constitutionally deficient, counsel's performance must have been objectively unreasonable. *Id.* Actual prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## A. Suppression

Evans first contends that he received ineffective assistance because his counsel failed to move to suppress evidence. He claims that co-defendant Williams successfully moved to suppress certain evidence that was "illegally seized" and that he told his counsel that he wished to file a similar motion, but his counsel refused. Dkt. 1, at 4. To prevail on this claim, Evans must show that the motion to suppress would have been meritorious. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). But Evans has offered no reason why a motion to suppress would have succeeded—he does not even identify the basis for such a motion. Confidential sources made controlled purchases of heroin directly from both Evans and Williams, and it is not apparent how this evidence could have been challenged.

The docket of the criminal case shows that Williams did not move to suppress any evidence. *See United States v. Williams*, No. 14-cr-108-2, Dkt. 18 (W.D. Wis. Dec. 15, 2014) (notice from counsel informing the court Williams would not be filing any pretrial motions). However, Williams's counsel informed the court that she reached an agreement with the government concerning the inadmissibility of certain "evidence and statements that the government agrees were made after [she] invoked her right to counsel." *Id.* The government is correct that Evans could not suppress evidence based on any violation of *Williams's* right to counsel; only Williams could assert that. Dkt. 6, at 9 n.2. This is all the government means by saying the Evans "would not have standing to file a motion on this basis." *Id.* In his reply brief, Evans spends some time arguing against the idea that he did not have standing to bring a motion to suppress, but the government did not suggest that Evans did not have standing to bring a motion to suppress *at all*, only that he couldn't do so on the same grounds as Williams.

But still, at this point, Evans has to explain how his counsel could have tried to suppress evidence, and how the suppression of that evidence would have made a difference to Evans's decision to plead guilty. He hasn't done that, so he hasn't shown that his counsel was ineffective in this regard.

## B. Maintaining a drug house

Evans contends that his counsel's objection to a two-level sentencing enhancement for maintaining a drug house was ineffective. Guidelines § 2D1.1(b)(12) applies if "the defendants maintained a premises for the purpose of manufacturing or distributing a controlled substance." The application note to § 2D1.1(b)(12) explains that

> Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.

§ 2D1.1 cmt. 17. I determined that Evans maintained Williams's apartment for the purpose of distributing heroin because he controlled activities there—that is, he operated a drug distribution operation with Williams and directed customers to go to her apartment to buy heroin.

Evans argues that his counsel's objection to this enhancement was "merely conclusory and not grounded in law" and that the objection would have been meritorious if his counsel had "investigated the application and commentary notes" to § 2D1.1(b)(12). Dkt. 1, at 4. To prevail on a claim of ineffective assistance of counsel at sentencing, Evans must "demonstrate that his attorney performed in a deficient manner during the hearing, and then prove 'that but for his counsel's unprofessional error, there is a reasonable probability that the results [of his sentencing hearing] would have been different.'" *Fuller v. United States*, 398 F.3d 644, 650 (7th

Cir. 2005) (alteration in original) (citation omitted) (quoting *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003)).

Evans fails on both prongs. Evans's counsel *did* investigate the application and commentary notes, as evidenced by his written objection, in which he cited the application note to § 2D1.1(b)(12), among several other sources. *See Evans*, No. 14-cr-108-1, Dkt. 37, at 1-2. Counsel made further arguments at the sentencing hearing. Counsel's presentation of this objection was not merely competent; it was thorough and well presented.

Evans has not shown that a better objection could have been made that would have resulted in a different sentence. He argues that § 2D1.1(b)(12) should not apply to him because did not have control of, possession of, or unfettered access to Williams's apartment. *See* Dkt. 7, at 10. But that's exactly the same argument that his counsel made at the sentencing hearing. *See Evans*, No. 14-cr-108-1, Dkt. 71, at 7:21-23 ("Mr. Evans didn't own, rent or even particularly control Ms. Williams' apartment. It just happened to be where they stored drugs and it's where she lived."). Despite counsel's efforts, I was not persuaded. *See id.* at 11:24-12:5 (concluding that Evans controlled Williams's apartment by operating a drug distribution operation with her and "directing others to those premises to obtain drugs"). Nor was the Seventh Circuit. *See Evans*, No. 15-2287, slip op. at 5-6 ("Whether or not Evans had a 'possessory interest' in Williams's apartment, he did control access to and activities there. . . . These circumstances support the application of § 2D1.1(b)(12)."). Evans has not identified anything that his counsel could have done differently that might have changed the ruling on the premises enhancement. Evans cannot prevail on this ground for relief.

## C. Using violence

Evans contends that he received ineffective assistance because his counsel failed to object to a two-level sentencing enhancement for using violence in the offense. Section 2D1.1(b)(2) of the Guidelines applies "if the defendant used violence, made a credible threat to use violence, or directed the use of violence." The presentence investigation report provided for application of this enhancement because Evans "threatened to harm [J.J.] for an outstanding drug debt [and] broke [J.J.'s] law" when J.J. failed to pay the debt. *Evans*, No. 14-cr-108-1, Dkt. 39, ¶ 55. Evans's counsel initially objected to this enhancement, arguing that Evans "did not break [J.J.'s] jaw over a drug debt," but rather that J.J. broke his jaw "working on a porch when a beam fell on him [or] when a wrench slipped while he was working on a car" and that J.J. "owed Mr. Evans money from a car that [J.J.] was working on that he scrapped in order to pay rent for his auto shop." *Evans*, No. 14-cr-108-1, Dkt. 37, at 2. But by the time of the sentencing hearing, Evans's counsel dropped the objection.

Evans now argues that his counsel knew of "evidence that contradicted the assertion that" J.J. was injured in the course of the offense, but that counsel failed to offer that evidence. Dkt. 1, at 4. Evans contends now that he did break J.J.'s jaw, but that he did so because J.J. owed money for a car that J.J. got from Evans. Dkt. 7, at 5. And there is some evidence in the presentence report that implicates the car: J.J. stated that he bought a car from Evans, and a witness, J.W., stated that the day after Evans beat J.J., J.J. gave J.W. $3,000 "in payment of an outstanding debt that [J.W.] thought may have been payment for a car." *Evans*, No. 14-cr-108-1, Dkt. 39, ¶ 40. Evans complains that his counsel said he would acknowledge the facts related to the beating at the sentencing hearing, but didn't. *Id.* at 6.

Evans's counsel was not ineffective for failing to argue at sentencing that Evans beat J.J. over a car debt rather than a drug debt, for two reasons. First, the evidence in the record tends to support the drug debt theory. The presentence report includes J.J.'s statement that he "owed a drug debt to Evans that had grown to $3,500" and that Evans had "threatened to go to [his] house and burn it down or shoot at it if [he] did not pay." *Evans*, No. 14-cr-108-1, Dkt. 39, ¶¶ 19, 20. There is nothing in the record to suggest that the car that J.J. got was worth anything close to $3,000, because J.J. scrapped it for cash. *Id*. ¶ 19. It's unlikely that Evans's counsel could have dissuaded me from finding that Evans "broke [J.J.'s] jaw over an outstanding drug debt after threatening [J.J.] less than a week earlier that harm would befall him or his home." *Evans*, No. 14-cr-108-1, Dkt. 55, at 3.

The second reason Evans's counsel was not ineffective for failing to argue the car debt theory is that it would not have helped Evans achieve a lesser sentence. If Evans conceded that he had beaten J.J. to collect a debt, I would be sentencing an offender who was admittedly, calculatingly violent. Evans's counsel wisely chose not to press this theory, which would have emphasized Evans's violent tendencies, even though it meant that the guideline enhancement for use of violence would apply. Ultimately, I imposed a sentence of 144 months, two years below the bottom end of the guideline range.

## D. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Evans has not made a showing, substantial or otherwise, of a denial of a constitutional right. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue Evans a certificate of appealability.

## ORDER

IT IS ORDERED that:

1.  Petitioner Charles A. Evans's motion for postconviction relief under 28 U.S.C. § 2255, Dkt. 1, is DENIED.

2.  No certificate of appealability shall issue. If petitioner wishes he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered August 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge